ELIZABETH D. DE LANCEY, Respondent, *v.* HENRY PIEPGRAS, Appellant, Impleaded with Another.

*Costs of an appeal — extra allowance — modification of a judgment of affirmance.*

A plaintiff who succeeds on the main issue is entitled to the costs of an appeal.

The circumstances considered and commented upon which justify the denial of a motion to set aside an order granting an extra allowance in an action of ejectment, and the denial of an application at the General Term to modify its previous judgment of affirmance by striking out the recovery of costs.

APPEAL by the defendant, Henry Piepgras, from an order of the Supreme Court, made at the Dutchess County Special Term and entered in the office of the clerk of the county of Westchester on the 4th day of October, 1893, denying the defendant's motion to set aside an order granting the plaintiff an extra allowance of $300.

*Geo. A. Black,* for the appellant.

*Walter D. Edmonds* and *John Hunter, Jr.,* for the respondent.

CULLEN, J.:

This action is in ejectment to recover certain lands under water. The plaintiff recovered at Circuit, and the court granted an extra allowance of $300. At General Term the judgment was affirmed, with costs. The Court of Appeals modified the judgment by reserving to the upland owners certain privileges and affirmed the judgment as modified. (138 N. Y. 26.) After the judgment of the Court of Appeals the defendant moved on affidavit to set aside the order granting the extra allowance, which application was denied. From that order this appeal was taken. He also makes an original application to the General Term to modify its previous judgment of affirmance by striking out the recovery of costs.

Assuming the power of this court to modify their previous judgment after its affirmance by the Court of Appeals, we think that the defendant should succeed in neither application. The extra allowance at Circuit was granted on the affidavit that the value of the land recovered was $15,000. The allowance, therefore, was far within the power of the court. On the application to strike out the extra allowance the same affiant has made affidavit that if, as he is

informed, the defendant has an easement over every part of the land recovered, in his opinion the land subject to such easement is of no market value. It is sufficient to say that the affiant is mistaken as to the result of the decision of the Court of Appeals, and that his information in this respect was incorrect. His affidavit based on this error, therefore, wholly fails, and the application was properly denied.

If the General Term had modified the recovery at Circuit to the same extent as it was subsequently modified by the Court of Appeals, still the costs of the appeal would have been in the discretion of the court. The substantial litigation was as to the plaintiff's title to the land. The reservation was but a minor feature of the controversy. The plaintiff having succeeded on the main issue, we think was entitled to the costs of the appeal.

The order appealed from should be affirmed, with ten dollars costs and disbursements, and the application to the General Term should be denied, with ten dollars costs.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, and application to General Term denied, with ten dollars costs.